IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREEN PARTY OF TENNESSEE <br> CONSTITUTION PARTY OF TENNESSEE, <br><br> Plaintiffs, <br><br> v. <br><br> TRE HARGETT in his official capacity as <br> Tennessee Secretary of State, and <br> MARK GOINS in his official capacity <br> as Coordinator of Elections for the <br> State of Tennessee, <br><br> Defendants. | CASE NO. 3:11-0692 <br> JUDGE HAYNES |

## ORDER

In accordance with the Memorandum filed herewith, Plaintiffs' motions for summary judgment (Docket Entry Nos. 19 and 20) are **GRANTED**.

Plaintiffs are **AWARDED** a declaration that alone and in combination, the State's 2.5% requirement, Tenn. Code Ann. § 2-1-104(24), and 119 day deadline for ballot access as a "Recognized minor party" and its candidates, Tenn. Code Ann. §§ 2-5-101(a)(1)and (2), 2-13-107(a), 2-13-201(a) and 2-13-202 , violate Plaintiffs' First Amendment rights to associate and Tennessee voters' rights to vote for such parties' candidates. Plaintiffs are **AWARDED** a declaration that the State's "Nominating Petition" form, Tenn. Code Ann. § 2-5-102(a), impermissibly compels the signatory's affirmation that he or she is a member of the party in violation of Plaintiffs' and the signatory's First Amendment right of association and privacy of the signatory's political beliefs. Plaintiffs are **AWARDED** a declaration that the State's

requirement that minor political parties select their nominees by primary elections, Tenn. Code Ann. § 2-13-202, is an impermissible intrusion of the Plaintiffs' First Amendment right of association that includes the right to select their nominees. Plaintiffs are **AWARDED** a declaration that Tenn. Code Ann. § 2-13-107(d), barring the words "Independent" and "Nonpartisan" in the name(s) of political parties, violates the First Amendment rights of free speech of minor political parties and their members. Finally, Plaintiffs are **AWARDED** a declaration that Tenn. Code. Ann. §2-1-104(a)(24) is unconstitutional as an improper delegation of legislative authority conferred on the State by Article 1, Section 4 of the United States Constitution and, in the alternative, that the undefined discretion of the State Coordinator of Elections in § 2-1-104(a)(24) fails for vagueness.

It is **ORDERED** that the Defendants are **ENJOINED** from enforcing any deadline in excess of sixty (60) days prior to the August primary for the filing of petitions for recognition as a political party. It is **ORDERED** that Plaintiffs are deemed to have acquired the requisite number of signatures required for recognition as political parties and to have their parties' names next to their candidates on the general election ballot. It is **ORDERED** that the Defendants shall conduct a public random drawing for the order of placement of the political parties' candidates' names on the general election ballot.

It is **ORDERED** that the Defendants are **ENJOINED** from enforcement of Tenn. Code Ann. § 2-13-202, requiring Plaintiffs to select their nominees by primary, Tenn. Code Ann. § 2-5-208(d)(1), awarding ballot preference to the majority party, and Tenn. Code Ann. § 2-13-107(d), prohibiting the use of "Independent or Nonpartisan" in a political party's name. It is further **ORDERED** that the Defendants must revise the "Nomination Petition" form, Tenn. Code

2

Ann. § 2-5-102(a), to delete the reference that the signatory is a member of the party.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 3rd day of February, 2012.

                                      WILLIAM J. HAYNES, JR.
                                      United States District Judge