# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

GREEN PARTY OF TENNESSEE      )
CONSTITUTION PARTY OF TENNESSEE,    )
     )
     )      CASE NO. 3:11-0692
     Plaintiffs,      )      JUDGE HAYNES
     )
v.      )
     )
TRE HARGETT in his official capacity as    )
Tennessee Secretary of State, and      )
MARK GOINS in his official capacity      )
as Coordinator of Elections for the      )
State of Tennessee,      )
     )
     )
     Defendants.      )

# M E M O R A N D U M

Plaintiffs, Green Party of Tennessee ("GPT"), and Constitution Party of Tennessee

("CPT"), filed this action under 42 U.S.C. § 1983 against the Defendants: Tre Hargett, Tennessee

Secretary of State, and Mark Goins, Tennessee's Coordinator of Elections. Plaintiffs are political

parties seeking recognition and ballot access for their candidates in federal and state elections.

The gravamen of Plaintiffs' complaint is that certain provisions of Tennessee's recently enacted

ballot access statutes effectively exclude minor political parties from achieving recognition as a

political party and ballot access for their candidates in violation of their First Amendment rights

to vote, to express their political speech and to associate as a political party. Plaintiffs also assert

a claim under the Equal Protection Clause of the Fourteenth Amendment for the State's

preferential placement of certain party's candidates on the ballot.

Plaintiffs' specific claims are: (1) that Tenn. Code Ann. §§ 2-5-101(a), 2-1-104 (a)(24)

and 2-3-107(a) effectively deny Plaintiffs the ability to qualify as a "Recognized minor party"

and impose impermissible burdens on Plaintiffs' First Amendment right to associate as a political

party; (2) that Tenn. Code Ann. § 2-1-104(a)(24)'s requirements for a "Recognized minor party"

are unconstitutionally vague and constitute an improper delegation of undefined legislative

authority to State election officials; (3) that Tenn. Code Ann. § 2-5-101(a)(1) setting a 119 day

deadline for minor political parties' petitions for ballot access for its candidates, approximately

four months prior to the primary, is unconstitutional as a matter of law; (4) that Tenn. Code Ann.

§ 2-13-202, requiring minority political parties to nominate their candidates for statewide offices

by primary elections, intrudes upon Plaintiffs' First Amendment right to select their nominees

and to control their internal affairs; and (5) that Tenn. Code Ann. § 2-5-208(d)(1), awarding a

preferential position on the ballot to the current majority party, discriminates against Plaintiffs in

violation of the Equal Protection Clause of the Fourteenth Amendment.

This action is a sequel to an earlier action, Libertarian Party of Tennessee v. Goins, 793 F.

Supp. 2d 1064 (M.D. Tenn. 2010), holding that Tenn. Code Ann. § 2-1-104(a)(30) violates

Plaintiffs' First Amendment right to vote, Tennessee voters' First Amendment right to privacy of

their political affiliation, and Plaintiffs' First Amendment right to associate as a political party.

The Court concluded that Plaintiffs demonstrated that Tennessee's 2.5% requirement in Section

2-1-104(a)(29), coupled with the party membership requirement in Section 2-1-104(a)(30) and

2

the State's election officials' 120[1] day deadline prior to the August primaries for petitions of new political parties, effectively precluded minor political party participation in state and national elections in Tennessee.[2] The Defendants did not appeal that decision, but the Tennessee General Assembly enacted changes to the State's ballot access laws that are at issue in this action.

In earlier proceedings, Plaintiffs moved for summary judgment on their claims supported by their expert's report to which the Defendants filed their response and Plaintiffs filed a reply. In a Memorandum, the Court granted the Plaintiffs' motion for summary judgment, concluding:

> that Tennessee's 2.5% requirement signature requirement in Tenn. Code Ann. § 2-1-104(24), and 119 day deadline for minor parties' ballot access for their candidates as a "Recognized minor party", violate Plaintiffs' First Amendment rights to associate and Tennessee voters' rights to vote for such parties' candidates;

> that the State's "Nominating Petition" form and Tenn. Code Ann. § 2-5-102(a), violated Plaintiffs' and the signatory's First Amendment rights of association and privacy of the signatory's political beliefs by impermissibly compelling the signatory to assert support for the a minor political party's nominee's petition and that the signatory is a member of the party;

> that the State's requirement that minor political parties select their nominees by primary elections, Tenn. Code Ann. § 2-13-202, is an impermissible intrusion of the Plaintiffs' First Amendment right of association that includes the right to select their nominees that Tenn. Code Ann. § 2-13-107(d), barring the words "Independent" and "Nonpartisan" in the name(s) of political parties, violates the First Amendment rights of free speech of minor political parties and their members;

---

[1] The reference to the 120 day deadline is derived from the holding in Libertarian Party of Ohio v. Blackwell, 462 F. 3d 579 (6th Cir. 2006) that a deadline for minor parties' filing for State's ballot access 120 days before a primary violates the First Amendment. Tennessee's prior deadline was the first Thursday in March of the election year that is actually 147 days before the primary, the first Tuesday in August. Goins, 793 F. Supp. 2d at 1071. In Goins, the Court cited other decisions holding deadlines from 60 to 119 days unconstitutional. Id. at 1088.

[2] Before 2011, Tennessee statutes did not set the deadline for filing petitions for recognition as a statewide political party. The State Election Coordinator set the deadline. Goins, 793 F. Supp2d at 1070 n. 3.

3

that Tenn. Code. Ann. §2-1-104(a)(24) is unconstitutional as an improper delegation of legislative authority conferred on the State by Article 1, Section 4 of the United States Constitution and, in the alternative, that the undefined discretion of the State Coordinator of Elections in § 2-1-104(a)(24) fails for vagueness.

(Docket Entry No.45, Memorandum at 88-89)

Given the prior litigation and the timing of events, the Court enjoined the Defendants from enforcing any deadline for parties' or their nominees' petition for ballot access in excess of sixty (60) days prior to the August primary . Based upon the facts in this and the prior litigation and applicable case law, the Court found that Plaintiffs had acquired the requisite number of signatures to be awarded status as "recognized political parties" and directed that their parties' names be placed next to their candidates on the general election ballot. The Court directed the Defendants to conduct a public random drawing for the order of placement of the political parties' candidates' names on the general election ballot. The Court also enjoined the Defendants from enforcement of Tenn. Code Ann. § 2-13-202, requiring Plaintiffs to select their nominees by primary, Tenn. Code Ann. § 2-5-208(d)(1), awarding ballot preference to the majority party, and Tenn. Code Ann. § 2-13-107(d), prohibiting the use of "Independent or Nonpartisan" in a political party's name. Finally, the Defendants were ordered to revise the "Nomination Petition" form and Tenn. Code Ann. § 2-5-102(a), to delete the reference that the signatory is a member of the party.

Before the Court is the Defendants' motion for a partial stay (Docket Entry No. 57) seeking relief only from the placement of the Plaintiffs' party names next to their candidates on the November 2012 general election ballot and the requirement of a public random drawing for the place of political parties' candidates' names on the November 2012 general election ballot.

4

Although Defendants' motion for a stay is limited in its relief, the Defendants' motion discusses other aspects of the Court's ruling as erroneous as a matter of law and/or fact. The Defendants contend in sum: (1) that random drawing for placement is contrary to Sixth Circuit precedent and fails for the lack of a factual showing of prejudice because Tennessee law requires a "party block ballot"; (2) that Plaintiffs made only a facial challenge to Tennessee ballot access laws and precedents do not recognize the right of any minor political party ballot access absent a showing of adequate community support or recognition; (3) that the Court's ruling erroneously stated that Tennessee law requires a primary election for Presidential candidates; (4) that the Court failed to distinguish between Tennessee law on political parties' Presidential candidates and other State offices; and (5) the Court's Order will result in voter confusion, clogged election ballots and political instability. Given this motion for a stay in an election year, the Court expedites its ruling on this motion as it did on the Plaintiffs' motion for summary judgment.

To award a stay, the Court must consider the movant's likelihood of success on appeal, the presence of irreparable injury, any harm to others by entry of a stay and the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

As to the Order on the random drawing for ballot placement, Plaintiffs asserted a claim under the Equal Protection Clause of the Fourteenth Amendment that Tenn. Code Ann. § 2-5-208(d)(1), awarding a preferential position on the ballot to the current majority party, impermissibly discriminates against Plaintiffs and their candidates. The Court concluded that this claim warranted relief, citing Rosen v. Brown, 970 F.2d 169 (6th Cir. 1992) and the Eighth Circuit's decision in McClain v. Meier, 637 F.2d 1159, 1166-68 (8th Cir. 1980) (holding "incumbent first" on election ballot statute unconstitutional), as well as decisions of federal and

5

state courts, contemporary empirical studies on ballot placement and the historical evidence on minor parties in Tennessee. In sum, the Court concluded that:

> [E]mpirical evidence in the social sciences corroborates the Sixth Circuit's and other circuits' holdings on the prejudicial effects of preferential ballot placement. Joanne M. Miller & Jon A. Krosnick, "The Impact of Candidate Name Order on Election Outcomes", 62 Pub. Opinion Q., Vol. 62 No.3, 291, 293-94, 308-09 (1998). More than a decade later, Rosen's findings of prejudice from preferential ballot placement continue to be viable. See Laura Miller, "Election by Lottery: Ballot Order, Equal Protection, and the Irrational Voter", 13 N.Y.U. J. Legis. & Pub. Pol'y 373, 405 (2010) (collecting empirical social science studies). As the latter article concludes:"Substantial empirical evidence points to the conclusion that ballot order effects, particularly in relatively low salience elections, are both statistically significant and large enough in magnitude to alter the outcomes of elections."

(Docket Entry No.45, Memorandum at 82)

For relief from the Order on this claim, the Defendants first cite Tenn. Code Ann. § 2-5-206 as requiring a "party block" ballot in which an election ballot lists the offices and then in parallel vertical lines the candidates for each office by party. The Defendants argue that the "party ballot" under Tennessee law undermines the Court's citation to a contemporary report of empirical studies of prejudice in ballot placement that focused on "block ballots" that are ballots listing an office and all candidates for that office in a block, not "party ballots". (Docket Entry No. 57 at 5-6). In addition, Defendants argue that Rosen did not involve ballot placement and Schrader v. Blackwell, 241 F.3d 783 (6th Cir. 2001) supports the Defendants' denial of ballot access to unqualified political parties, such as Plaintiffs.

First as to Tennessee's "party block" ballot and statute, Tenn. Code Ann. § 2-5-206 reads, in relevant part,as follows:

(b) All voting machine ballots shall be arranged as follows:

**(1) In primary elections, the title of the offices shall be placed vertically on the**

6

left or right side of the ballot, and there shall be a vertical column for each political party, and the names of the candidates shall be placed opposite the title of the office for which they are to be selected, in alphabetical order according to the initials of their surname, beginning with the first initial. Each column shall be designated by the name of the political party for that column;

(2) In general elections, the title of the offices shall be placed vertically on the left or the right side of the ballot, and there shall be a vertical column for each political party. Any candidate whose name is to be placed on the ballot by virtue of party nomination shall be listed in the political column of such candidate's party, opposite the title of the office the candidate seeks. One (1) vertical column for independent candidates shall be placed on the ballot and shall appear immediately after the political party columns. The independent candidates shall be listed in alphabetical order according to the initials of their surnames, beginning with the first initial. The independent candidate's name shall be listed opposite the title of the office the candidate seeks. This ballot format shall apply to all voting machine ballots, except in counties using Automatic Voting Machine, Inc. type machines, C.E.S., Votomatic or comparable punch card voting systems, or Shouptronic or other comparable direct recording electronic voting systems. Any county using Automatic Voting Machine, Inc. type machines shall arrange its machine ballots in the following manner, to wit: the title of offices shall be placed in vertical columns and the names of the candidates shall be placed in horizontal columns with each political party having its own columns and the independents being placed in a single column or columns after the political party columns; with such candidates' names being listed alphabetically according to the initials of their surname, beginning with the first initial. The ballot format for C.E.S., Inc., Votomatic, or other comparable punch card systems shall be governed by the rules set out by the coordinator of elections and the state election commission under § 2-9-110. The ballot format for Shouptronic or other comparable direct recording electronic voting systems shall be governed by the rules set out by the coordinator of elections and the state election commission under § 2-9-110. Such rules shall be approved by not less than four (4) members of the state election commission;

(3) If the arrangement as set out in subdivisions (b)(1) and (2) will not fit on the voting machine ballot, the county election commission may arrange the ballot so that the voting machine will accommodate the entire ballot including, without limitation, the arrangement of material in vertical columns with the office appearing first and the candidates for such office listed vertically beneath the office, with political party nominees indicated by (D) or (R) and independent candidates by (I); and

7

(4) Any county using a punch card format system which places an identifying number on the punch card ballot shall place the corresponding number by each position or name displayed on the ballot pages.

(emphasis added). This statute was last amended in 2000. Tenn. Pub. Acts. Ch. 756.  In 2010, Tennessee enacted Tenn. Code Ann. § 2-5-208(d)(1) that provides, in pertinent part,

"**Notwithstanding any other provision of this chapter or this title**, on general election ballots, the name of **each political party having nominees on the ballot shall be listed in the following order: majority party, minority party, and recognized minor party**, if any."

(emphasis added)

First, the underscored language in Section 2-5-206 reflects statutory exceptions to the "party block" ballot. In Tennessee's most populous counties, as reflected by the attached sample ballots forms from Shelby and Davidson County for the 2008 Presidential election and 2010 gubernatorial election, Tennessee election ballots are "block ballots", not "party block" ballots. Second, by its plain language, Section 2-5-208(d)(1) that was enacted in 2010 is unequivocal in that "notwithstanding any other statute",  its provisions on preferential ballot placement control. Thus, under rules of statutory construction, the latter statute on the same subject is controlling. See Planned Parenthood of Nashville v. McWherter, 817 S.W,2d 13, 15 (1991). As a matter of fact,  § 2-5-208(d)(1) authorizes "block ballots" and the major voting counties use "block ballots". Thus, the one empirical study challenged by the Defendants remains probative on the issue of prejudice from preferential ballot position.

Of course, Rosen's conclusion was that  prejudice exists from favorable ballot placement and that holding is binding on the Court. To the extent, that Rosen is deemed a factual finding of prejudice, this Court and  other courts cite relevant empirical studies finding prejudice where a

8

political party is awarded a preferential place on the election ballot . Here the Court cited Joanne M. Miller & Jon A. Krosnick, "The Impact of Candidate Name Order on Election Outcomes", 62 Pub. Opinion Q., Vol. 62 No.3, 291, 293-94, 308-09 (1998) and Laura Miller, "Election by Lottery: Ballot Order, Equal Protection, and the Irrational Voter", 13 N.Y.U. J. Legis. & Pub. Pol'y 373, 405 (2010)  (collecting empirical social science studies). As the latter article concludes:"Substantial empirical evidence points to the conclusion that ballot order effects, particularly in relatively low salience elections, are both statistically significant and large enough in magnitude to alter the outcomes of elections." Id.

In this regard, Defendants ignore the Court's  reliance on the Eighth Circuit's decision in McClain that collects state and federal courts  decisions holding that preference ballot placement for incumbents to be unconstitutional. 637 F.2d at 1166-68 . Despite some courts' and studies' contrary  views about the advantage of preferential ballot placement, the Eighth Circuit noted: "On the other hand, many studies report a finding of some ballot advantage in the top position" Id. at 1166 n.15. (citations omitted).

Moreover, the "authoritative study" on this subject is by Henry M. Bain & Donald S. Hecock, "Ballot Position and Voter Choice: The Arrangement of Names on the Ballot and its Effects on the Voter" (1957) that found political advantage in preferential ballot placement. See New Alliance Party v. New York State Bd. Of Elections, 861 F. Supp. 282, 288 (S. D. N. Y. 1994). In 1994, the New Alliance court cited  studies opposing Bain and Hecock.  Id at 289-91. New Alliance also questioned the continued viability of Bain's and Hecock's  empirical findings Id. at 290. To be sure, opposing studies exist, 861 F. Supp. 289-90, but as the Eighth Circuit noted "many studies report a finding of some ballot advantage in the top position" 637 F.2d at

9

1166 n.15. As stated in the Court's Memorandum, the most recent empirical studies continue to find prejudice in favorable ballot placement. (Docket Entry No. 45, Memorandum at 82).

Next, Defendants contend that <u>Rosen</u> did not involve ballot placement. The order affirmed in <u>Rosen</u> was "to place the designation Independent below the name placement of a candidate whose name appears on the general election ballot as a result of a nominating petition". 970 F.2d at 171. <u>Rosen</u> explicitly recognized that language on an election ballot "gives a '"voting cue" or 'clue'" to voters 970 F.2d at 177. The Court quoted the following from <u>Rosen</u>.

> **Once a State admits a particular subject to the ballot and commences to manipulate the content or to legislate what shall and shall not appear, it must take into account the provisions of the Federal and State Constitutions regarding freedom of speech and association, together with the provisions assuring equal protection of the laws.**
>
> * * *
>
> The voter interests at stake are basic associational rights secured against state action by the First and Fourteenth Amendments, and any restriction on ballot access by candidates necessarily burdens the rights of their supporters.
>
> * * *
>
> [P]laintiffs' three expert witnesses ... show that **the State infringes upon the right of supporters of Independent candidates to meaningfully vote and meaningfully associate by providing a "voting cue" to Democratic and Republican candidates which makes it virtually impossible for Independent candidates to prevail in the general election.**
>
> * * *
>
> Ohio concedes that "General election ballot designations are simply government provided information designed to inform voters of the political party affiliation of each candidate...." Appellant's Brief, pp. 7-8. The state asserts that it may inform voters of the political party affiliation of each party candidate because it "has a compelling interest in supporting its party system by regulating the election process ... and [a] legitimate interest in protecting political parties...."
> One of the electoral interests which states may protect by reasonable regulation is the integrity of established and formally recognized major political parties;

10

however, this interest may not extend to the effective exclusion of Independent and new party candidacies. See Cromer, 917 F.2d at 823. The qualitative difference between an Independent candidacy and a party candidacy justifies differences in treatment.

* * *

Ohio produces a ballot which gives a "voting cue" or "clue" to Democratic and Republican candidates but excludes such a "voting cue" to Independent or third-party candidates.

Id. at 175, 176, 177 (citations omitted).

Here, in allowing a preferential ballot position to the majority political party with the 2010 enactment of Tenn. Code Ann. § 2-5-208(d)(1), Tennessee had to comply with Rosen to satisfy the First Amendment and the Equal Protection Clause principles. Rosen found prejudice in preferential treatment of political parties over an independent party. As to Tennessee's form of preference in order on the ballot, the Eighth Circuit and other courts hold that a state law providing for an "incumbent first" placement on ballot, is unconstitutional. McClain, 637 F.2d at 1168-69. Significantly, McClain involved a preferential placement for a parrty on a " block ballot " that "reserves the 'first or left-hand column' of the ballot for "the party which received the most vote". Id at 1161, 1166. Thus, Rosen and McCain support the Court's conclusion on Tennessee's favorable ballot placement for the "majority party". Of course, the mere fact of its enactment reasonably reflects the majority's party's view or perception that preferential placement on the ballot has political and election value.

The Defendants' next argument is that the Court erred in failing to recognize precedents that Defendants possess the right to exclude unqualified political parties that lack an significant community support. On this issue, the court reasoned, in essence:

11

Here, citing empirical evidence, Defendants' experts opine, in essence, that for Plaintiffs, as minor political parties, to obtain significant voter support in Tennessee, is an act of political futility. In <u>American Party of Texas</u> where minority candidates had to obtain 1% of the vote for governor at last general election, 415 U.S. at 782, the Court stated: "what is demanded may not be so excessive or impractical as to be in reality a mere device to always, or almost always, exclude parties with significant support from the ballot," 415 U.S. at 783. Yet, aside from mere percentages, the Court deems probative that in <u>American Party of Texas</u>, the Supreme Court stated: "The District Court recognized that any fixed percentage requirement is necessarily arbitrary, but we agree with it that the required measure of support -1% of the vote for governor in the last general election and in this instance **22,000 signatures-falls within the outer boundaries of support the State may require before according political parties ballot position.**" 415 U.S. at 783 (emphasis added). Here, Tennessee far exceeds this outer limit of 22,000 signatures in <u>American Party of Texas</u>. Given the significantly higher 2 million voters in Texas, Tennessee's outer limit should be significantly lesser than 22,000.

In <u>Blackwell</u>, Ohio's political party registration signature requirement was one percent of the total vote cast in the previous election or 30,000 signatures. The Sixth Circuit observed that: "The evidence in the record shows that in Ohio, elections have indeed been monopolized by two parties, and thus, the burdens imposed by the state's election laws are 'far from remote.' . . . Ohio is among the most restrictive, if not the most restrictive, state in granting minor parties access to the ballot. Of the eight most populous states, Ohio has had by far the fewest minor political parties on its general election ballot.'" 462 F.3d at 589 (citing <u>California Democratic Party v. Jones</u>, 530 U.S. 567, 578 (2000)).

Thus, these undisputed facts satisfy the Court that Tennessee 2.5 % signature requirement to be a "Recognized minor party", that requires 40,039 signatures of registered voters, in its effects, constitutes an undue and impermissible burden upon Plaintiffs' First Amendment rights to associate as minor political parties and to secure ballot access for their candidates for whom Tennessee voters would have the opportunity to vote.

(Docket Entry No. 45, Memorandum at 67-68 (emphasis in the original).

As stated in <u>Storer</u> decided in 1972, involving Texas's requirement of voter support for ballot access for minor political parties, the Supreme Court stated "in this instance **22,000 signatures-falls within the outer boundaries of support the State may require before according political parties ballot position.**" 415 U.S. at 783 (emphasis added). Texas had more than 2.2 million voters. Http://www.sos.state.tex.us/elections/historical/70-92. For a

12

comparable analysis for the same this period, Tennessee's 1970 gubernatorial election had1,108,247 voters. Anne Hopkins and William Lyons, "Tennessee Voters: 1799-1976 at 354. In the 1972 general election there were 1,201,182 voters. Id. at 372. Applying a comparable analysis for 1972 as in Storer, Tennessee's "outer boundaries" of voter support would be between 10,082 to 12,000 voter. Plaintiff Green party exceeded that level and Plaintiff Constitution Party's latest petition nearly meets the lower of the range. Moreover, in the 2000 Presidential election, the Green Party's presidential candidate had ballot access with his party name in Tennessee and received almost twenty thousand votes. (Docket Entry No. 45, Memorandum at 11). It must be remembered that Plaintiffs' efforts to collect signatories for its petition for recognition from the Defendants, were burdened by the unconstitutional statute requiring signatories to affirm membership in the party. Goins, 793 F. Supp.2d at 1084.

For a more contemporary comparison, in Blackwell, Ohio's political party registration signature requirement was one percent of the total vote cast in the previous election or 30,000 signatures at least 120 days prior to the primary election,.462 F.3d at 587. The Sixth Circuit observed that: "The evidence in the record shows that in Ohio, elections have indeed been monopolized by two parties, and thus, the burdens imposed by the state's election laws are 'far from remote.' . . . Ohio is among the most restrictive, if not the most restrictive, state in granting minor parties access to the ballot. Of the eight most populous states, Ohio has had by far the fewest minor political parties on its general election ballot.'" 462 F.3d at 589 (citing California Democratic Party v. Jones, 530 U.S. 567, 578 (2000)). In the 2002 gubernatorial election Ohio had a total of 3,228,992 votes.

Http://www.sos.state.oh.us/sos/elections/Research/electResultsMain/2002Results/percentage.asp

13

x  In its 2002, gubernatorial election Tennessee had 1,687,543 votes.

http://www.tn.gov/sos/election/data/turnout/2002-11.pdf. Here, the historical facts are strikingly similar to Ohio's history on minor political parties and  Plaintiffs would have to collect more than 40,000 signatories with a 119 day deadline.

As to a cogged ballot, the Court cannot discern this result with addition of two political parties when Tennessee did not experience any problems with 16 candidates  on the ballot for governor in 2010 and at least six on the 2008 Presidential ballot. Likewise there was not any political upheaval or instability as a result of those elections. The Defendants' contention of political instability absent a stay of the Order directly contradict the Defendants' expert political proof, namely, Tennessee voters engage in "strategic voting" and thus, the election efforts of minor political parties's in Tennessee are exercises in political futility. (Docket Entry No. 65, Memorandum at 25-25, 29-32). If the latter is true, then the inclusion of these two minor political parties' candidates on the general election ballot should not cause a political Armageddon.

Finally, Defendants contend that the Court erroneously stated that  Tennessee law requires a primary is for Presidential nomination of political parties. From its review and search of its Memorandum on this contention, the Court found the only following references to a Presidential primary.

> Tennessee requires only 2,500 voter signatures for ballot access in the primary for a candidate of a statewide political party. Tenn. Code Ann. § 2-5-205(a)(2). Tennessee requires only 275 signatures for an individual to be listed on the general election ballot as a candidate for President of the United States.  Tenn. Code Ann. § 2-5-101(b)(1). ... Tennessee deems 25 and 275 signatures a sufficient modicum of support to run for Governor and  **President of the United States and only 2500 signatures to run as a candidate in a party's Presidential primary, the Court is at a loss to understand the justifications for the 40,039 signatures for Plaintiffs, as minor political parties, particularly given that Tennessee's 40,093  signatories that almost doubles**

14

**American Party of Texas's outer limit of 22,000 signatories.**

(Docket Entry No.45, Memorandum at 66-67).

The Court correctly quoted Tenn. Code Ann. § 2-13-202 defining the offices requiring a primary  that provides as follows:

> Political parties shall nominate their candidates for the following offices by vote of the members of the party in primary elections at the regular August election:
>
> (1) Governor;
> (2) Members of the general assembly;
> (3) United States senator; and
> (4) Members of the United States house of representatives. . . .

(Docket Entry No. 45, Memorandum at 60).

The Court's reference to Tennessee's  2500 signature requirement for a candidate in a Presidential primary is correct statement of Tennessee law.

> (a) **The names of candidates for president of the United States shall be printed on the ballot for the presidential preference primary only if they are:**
>
> (1) The names of persons who the secretary of state, in the secretary of state's sole discretion, has determined are generally advocated or recognized as candidates in national news media throughout the United States. The secretary of state shall submit the names to the state election commission no later than the first Tuesday in December of the year before the year in which the election will be held. If a candidate who has been certified by the secretary of state wishes to be a candidate in the presidential primary of a party other than that for which the secretary of state certified the candidate, the candidate shall signify the candidate's political party preference to the state election commission no later than twelve o'clock (12:00) noon, prevailing time, on the date established in subsection (b), and the candidate's name shall be certified only for the ballot of the candidate's chosen party, as the case may be.
>
> (2) **The names of persons for whom nominating petitions, signed by at least two thousand five hundred (2,500) registered voters of the party whose nomination is sought and by the candidate, are filed not later than twelve o'clock (12:00) noon,**

15

**prevailing time, on the first Tuesday in December of the year before the year in which the election will be held.** The nominating petitions shall be filed with the state election commission and certified duplicates with the coordinator of elections and with the chair of the candidate's party's state executive committee. No candidate may enter the presidential primary of more than one (1) statewide political party.

(b) The secretary of state shall advise each of the prospective candidates by the most expeditious means available that, unless a candidate withdraws the candidate's name by twelve o'clock (12:00) noon, prevailing time, on the second Tuesday in December of the year before the year in which the election will be held, the candidate's name will appear on the ballot of the candidate's party in the presidential preference primary. If such a person executes and files with the state election commission an affidavit stating without qualification that the candidate is not and does not intend to become a candidate for president in the forthcoming presidential election, the candidate's name shall not be on the ballot.

Tenn Code Ann. § 2-5-205 (a) and (b) (emphasis added). In a word, the Court's ruling was based upon the primary requirement for statewide offices. The Court's ruling did not impact the Presidential primary.

For these collective reasons, the Court does not discern a likelihood of success on appeal nor any irreparable harm to the Defendants nor to others. Plaintiffs, however, do suffer an irreparable injury from the Defendants' violation of their First Amendment rights to fair and equal access to the election ballot. The Court deem it in the public interest to enforce these First Amendment rights.

For these reasons, the Defendants' motion for a partial stay should be denied.

An appropriate Order is filed herewith.

Entered this the _16th_ day of March, 2012

William J. Haynes, Jr.
United States District Judge

17

tennessee election ballot 2008


Add Mobility to All for Less and learn how to get a free smartphone.

GET IT NOW

Email    Favorite    Download    Embed      Like    Tweet 0    0

## STATE GENERAL PRESIDENTIAL ELECTION, CITY OF BELLE MEADE, CITY OF FOREST HILLS, CITY OF GOODLETTSVILLE -- STATE OF TENNESSEE
### DAVIDSON COUNTY
### NOVEMBER 4, 2008

**PRESIDENT AND VICE PRESIDENT OF THE UNITED STATES**
VOTE FOR ONE (1)

| | |
|---|---|
| **ELECTORS FOR BARACK OBAMA** PRESIDENT | **JOE BIDEN** FOR VICE-PRESIDENT DEMOCRATIC PARTY NOMINEE |
| **ELECTORS FOR JOHN McCAIN** PRESIDENT | **SARAH PALIN** FOR VICE-PRESIDENT REPUBLICAN PARTY NOMINEE |
| **ELECTORS FOR CHUCK BALDWIN** PRESIDENT | **DARRELL CASTLE** FOR VICE-PRESIDENT INDEPENDENT CANDIDATE |
| **ELECTORS FOR BOB BARR** PRESIDENT | **WAYNE ROOT** FOR VICE-PRESIDENT INDEPENDENT CANDIDATE |
| **ELECTORS FOR CHARLES JAY** PRESIDENT | **THOMAS L. KNAPP** FOR VICE-PRESIDENT INDEPENDENT CANDIDATE |
| **ELECTORS FOR CYNTHIA McKINNEY** | **ROSA CLEMENTE** FOR VICE-PRESIDENT |

**UNITED STATES SENATE**
VOTE FOR ONE (1)

| |
|---|
| **ROBERT D. TUKE** DEMOCRATIC PARTY NOMINEE |
| **LAMAR ALEXANDER** REPUBLICAN PARTY NOMINEE |
| **EDWARD L. BUCK** INDEPENDENT CANDIDATE |
| **CHRISTOPHER G. FENNER** INDEPENDENT CANDIDATE |
| **DAVID GATCHELL** INDEPENDENT CANDIDATE |
| **ED LAWHORN** INDEPENDENT CANDIDATE |

All for Less with Broadband and Unlimited Nationwide Voice.
Starting at $75/month for 12 months. GET IT NOW



### Tennessee Ballot
by guest12a2146 on Dec 16, 2008

Related    More

No comments yet

http://www.slideshare.net/guest12a2146/tennessee-ballot-presentation

3/15/2012

Write a comment...

Post Comment    ☐ Subscribe to comments

## Tennessee Ballot — Document Transcript

1. DAVIDSON COUNTY ELECTION COMMISSION 800 2nd Avenue South Nashville, TN 37210 OFFICIAL SAMPLE BALLOT NOVEMBER 4, 2008 - State General (Presidential) Election/City of Belle Meade Election, City of Forest Hills Election, City of Goodlettsville Election Ray Barrett, Administrator of Elections General Information--(615) 862-8800 www.nashville.gov/vote A VOID LONG LINES AT THE POLLS--VOTE EARLY! BELLE MEADE CITY HALL, 4705 HARDING ROAD BELLEVUE COMMUNITY CENTER, 650 COLICE JEANNE ROAD BORDEAUX LIBRARY, 4000 CLARKSVILLE PIKE DAVIDSON COUNTY ELECTION COMMISSION, 800 2ND AVENUE SOUTH EDMONDSON PIKE LIBRARY, 5501 EDMONDSON PIKE FRIENDSHIP BAPTIST CHURCH, 1109 32ND AVENUE NORTH GOODLETTSVILLE CITY HALL, 105 SOUTH MAIN STREET GREEN HILLS LIBRARY, 3701 BENHAM AVENUE HERMITAGE LIBRARY, 3700 JAMES KAY LANE LIVING WORD COMMUNITY CHURCH, 5380 HICKORY HOLLOW PARKWAY MADISON LIBRARY, 610 GALLATIN PIKE SOUTH WOODBINE CUMBERLAND PRESBYTERIAN CHURCH, 3016 NOLENSVILLE PIKE WOODSON CHAPEL CHURCH OF CHRIST, 5800 EDMONDSON PIKE EARLY VOTING SCHEDULE OCTOBER 15, 2008 THROUGH OCTOBER 30, 2008 WEDNESDAY, OCTOBER 15, 2008 8:00 A.M. TO 8:00 P.M. THURSDAY, OCTOBER 16, 2008 8:00 A.M. TO 6:00 P.M. FRIDAY, OCTOBER 17, 2008 8:00 A.M. TO 6:00 P.M. SATURDAY, OCTOBER 18, 2008 8:00 A.M. TO 12:00 P.M. MONDAY, OCTOBER 20, 2008 8:00 A.M. TO 6:00 P.M. TUESDAY, OCTOBER 21, 2008 8:00 A.M. TO 6:00 P.M. WEDNESDAY, OCTOBER 22, 2008 8:00 A.M. TO 6:00 P.M. THURSDAY, OCTOBER 23, 2008 8:00 A.M. TO 8:00 P.M. FRIDAY, OCTOBER 24, 2008 8:00 A.M. TO 6:00 P.M. SATURDAY, OCTOBER 25, 2008 8:00 A.M. TO 4:00 P.M. MONDAY, OCTOBER 27, 2008 8:00 A.M. TO 6:00 P.M. TUESDAY, OCTOBER 28, 2008 8:00 A.M. TO 8:00 P.M. WEDNESDAY, OCTOBER 29, 2008 8:00 A.M. TO 6:00 P.M. THURSDAY, OCTOBER 30, 2008 8:00 A.M. TO 6:00 P.M. TO FIND YOUR VOTING LOCATION FOR ELECTION DAY, NOVEMBER 4, 2008, PLEASE VISIT OUR WEBSITE AT www.nashville.gov/vote and CLICK "WHERE I VOTE" link.

2. STATE GENERAL PRESIDENTIAL ELECTION, CITY OF BELLE MEADE, CITY OF FOREST HILLS, CITY OF GOODLETTSVILLE -- STATE OF TENNESSEE DAVIDSON COUNTY NOVEMBER 4, 2008 PRESIDENT AND VICE PRESIDENT UNITED STATES SENATE OF THE UNITED STATES VOTE FOR ONE (1) VOTE FOR ONE (1) ROBERT D. TUKE ELECTORS FOR JOE BIDEN DEMOCRATIC PARTY NOMINEE BARACK OBAMA FOR VICE-PRESIDENT PRESIDENT DEMOCRATIC PARTY NOMINEE LAMAR ALEXANDER ELECTORS FOR SARAH PALIN REPUBLICAN PARTY NOMINEE JOHN McCAIN FOR VICE-PRESIDENT PRESIDENT REPUBLICAN PARTY NOMINEE EDWARD L. BUCK ELECTORS FOR DARRELL CASTLE

http://www.slideshare.net/guest12a2146/tennessee-ballot-presentation

3/15/2012

Pursuant to Sec. 2-6-103, Tennessee Code Annotated, notice is hereby given by the Shelby County Election Commission of unrestricted early voting for voters in Shelby County, Tennessee, for the November 2, 2010 Federal & State General Election – Bartlett, Collierville, Germantown & Memphis Municipal Elections. This early voting will take place at the following locations:

Shelby County Election Commission Office, 157 Poplar Ave., Suite 121, Memphis, TN 38103

| | | |
|---|---|---|
| On the dates & hours that follow: | Beginning: | Wednesday, October 13 thru Thursday, October 28, 2010 | 10:00 AM - 7:00 PM |
| | | Saturday, October 16, 2010 | 8:00 AM - 4:00 PM |
| | | Saturday, October 23, 2010 | 10:00 AM - 4:00 PM |

and the following SATELLITE LOCATIONS on the dates & hours listed below:

| | | |
|---|---|---|
| | Beginning: | Wednesday, October 13 thru Thursday, October 28, 2010 | 10:00 AM - 7:00 PM |
| | | Weekdays, October 13 thru October 28, 2010 | 10:00 AM - 7:00 PM |
| | | Saturday, Oct. 16 and October 23, 2010 | 10:00 AM - 4:00 PM |

| LOCATION | ADDRESS | LOCATION | ADDRESS |
|---|---|---|---|
| Agri-Center International | 7777 Walnut Grove Rd., 38120 | Glenview Community Center | 1141 S. Barksdale St., 38114 |
| Anointed Temple of Praise | 3939 Riverdale Rd., 38115 | Greater Middle Baptist Church | 4982 Knight Arnold, 38118 |
| Baker Community Center | 7942 Church Rd., 38053 | Mississippi Blvd. Christian Church | 70 N. Bellevue Blvd., 38104 |
| Bellevue Baptist Church | 2000 Appling Rd., 38016 | Mt. Pleasant Baptist Church | 3045 Chelsea Ave., 38107 |
| Bethel Church | 5586 Stage Rd., 38134 | New Bethel Baptist Church – Family Life Center | 7786 Poplar Pike, 38138 |
| Berclair Church of Christ | 4536 Summer Ave., 38122 | Pyramid Recovery Center | 1833 S. Third at Belz, 38109 |
| Bishop Byrne High School | 1475 E. Shelby Dr., 38116 | Raleigh United Methodist Church | 3295 Powers Rd., 38128 |
| Bridge at Lakeland | 3070 Canada Rd., Ste. 106, 38002 | Riverside Baptist Church | 3560 S. Third St., 38109 |
| Collierville Church of Christ | 575 Shelton Dr., 38017 | Shiloh Baptist Church | 3121 Range Line Rd., 38127 |
| Dave Wells Community Center | 915 Chelsea Ave., 38108 | White Station Church of Christ | 1106 Colonial Rd., 38117 |

Pursuant to Sec. 2-6-102, TCA, a voter who desires to vote early shall go to the county election commission office or to one of the satellite locations listed above within the hours set out for the early voting period, sign an application for ballot and vote. Pursuant to Sec. 2-3-160 (c) (1) voters who are already registered can make address or name changes at any early voting site. For further information, call 545-4136 or visit our web site @ www.shelbyvote.com.

## FEDERAL & STATE GENERAL ELECTION – BARTLETT, COLLIERVILLE, GERMANTOWN & MEMPHIS MUNICIPAL ELECTIONS, SHELBY COUNTY, TENNESSEE
### NOVEMBER 2, 2010

**Governor**
Vote For One (1)
- [ ] Bill Haslam — Republican Nominee
- [ ] Mike McWherter — Democratic Nominee
- [ ] Bayron Binkley — Independent Candidate
- [ ] Brandon Dodds — Independent Candidate
- [ ] Samuel David Duck — Independent Candidate
- [ ] David Gatchell — Independent Candidate
- [ ] June Griffin — Independent Candidate
- [ ] Toni K. Hall — Independent Candidate
- [ ] Mike Knois — Independent Candidate
- [ ] Boyce T. McCall — Independent Candidate
- [ ] Donald Ray McFolin — Independent Candidate
- [ ] Linda Kay Perry — Independent Candidate
- [ ] James Reesor — Independent Candidate
- [ ] Thomas Smith, II — Independent Candidate
- [ ] Howard M. Switzer — Independent Candidate
- [ ] Carl Twofeathers Whitaker — Independent Candidate
- [ ] _____ Write-In

**CONSTITUTIONAL AMENDMENT**
Shall Article XI, Section 13 of the Constitution of the State of Tennessee be amended by adding the following sentences at the end of the section:

The citizens of this state shall have the personal right to hunt and fish, subject to reasonable regulations and restrictions prescribed by law. The recognition of this right does not abrogate any private or public property rights, nor does it limit the state's power to regulate commercial activity. Traditional manners and means may be used to take non-threatened species.
- [ ] Yes
- [ ] No

**United States House of Representatives**
**7th Congressional District**
Vote For One (1)
- [ ] Marsha Blackburn — Republican Nominee
- [ ] Greg Rabidoux — Democratic Nominee
- [ ] J.W. (Bill) Stone — Independent Candidate
- [ ] _____ Write-In

**United States House of Representatives**
**8th Congressional District**
Vote For One (1)
- [ ] Stephen Lee Fincher — Republican Nominee
- [ ] Roy Herron — Democratic Nominee
- [ ] Donn Janes — Independent Candidate
- [ ] Mark J. Rawles — Independent Candidate
- [ ] _____ Write-In

**United States House of Representatives**
**9th Congressional District**
Vote For One (1)
- [ ] Charlotte Bergmann — Republican Nominee
- [ ] Steve Cohen — Democratic Nominee
- [ ] Perry Steele — Independent Candidate
- [ ] Sandra Sullivan — Independent Candidate
- [ ] _____ Write-In

**Tennessee Senate**
**29th Senatorial District**
Vote For One (1)
- [ ] Robert Hill — Republican Nominee
- [ ] Ophelia Ford — Democratic Nominee
- [ ] Herman L. Sawyer — Independent Candidate
- [ ] _____ Write-In

**Tennessee Senate**
**31st Senatorial District**
Vote For One (1)
- [ ] Brian Kelsey — Republican Nominee
- [ ] Ivon L. Faulkner — Democratic Nominee
- [ ] _____ Write-In

**Tennessee Senate**
**33rd Senatorial District**
Vote For One (1)
- [ ] Reginald Tate — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**83rd Representative District**
Vote For One (1)
- [ ] Mark White — Republican Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**84th Representative District**
Vote For One (1)
- [ ] Joe Towns, Jr. — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**85th Representative District**
Vote For One (1)
- [ ] Edgar A. Babian — Republican Nominee
- [ ] Johnnie R. Turner — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**86th Representative District**
Vote For One (1)
- [ ] Harold M. Baker — Republican Nominee
- [ ] Barbara Cooper — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**87th Representative District**
Vote For One (1)
- [ ] Karen D. Camper — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**88th Representative District**
Vote For One (1)
- [ ] Larry J. Miller — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**89th Representative District**
Vote For One (1)
- [ ] Clay Shelton — Republican Nominee
- [ ] Jeanne Richardson — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**90th Representative District**
Vote For One (1)
- [ ] John J. Deberry, Jr. — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**91st Representative District**
Vote For One (1)
- [ ] Arnold Weiner — Republican Nominee
- [ ] Lois M. DeBerry — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**92nd Representative District**
Vote For One (1)
- [ ] G. A. Hardaway, Sr. — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**93rd Representative District**
Vote For One (1)
- [ ] Tim Cook — Republican Nominee
- [ ] Mike Kernell — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**95th Representative District**
Vote For One (1)
- [ ] Curry Todd — Republican Nominee
- [ ] Christian R. Johnson — Independent Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**96th Representative District**
Vote For One (1)
- [ ] Steve McManus — Republican Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**97th Representative District**
Vote For One (1)
- [ ] Jim Coley — Republican Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**98th Representative District**
Vote For One (1)
- [ ] Ulysses Jones, Jr. — Democratic Nominee
- [ ] _____ Write-In

**Tennessee House of Representatives**
**99th Representative District**
Vote For One (1)
- [ ] Ron Lollar — Republican Nominee
- [ ] _____ Write-In

**Referendum on Proposed Metropolitan Charter**
- [ ] FOR CONSOLIDATION OF CITY OF MEMPHIS AND SHELBY COUNTY
- [ ] AGAINST CONSOLIDATION OF CITY OF MEMPHIS AND SHELBY COUNTY

**Bartlett Mayor**
Vote For One (1)
- [ ] Philip J. Agnew
- [ ] A. Keith McDonald
- [ ] _____ Write-In

**Bartlett Alderman Position 1**
Vote For One (1)
- [ ] W. C. "Bubba" Pleasant
- [ ] _____ Write-In

**Bartlett Alderman Position 2**
Vote For One (1)
- [ ] Mark Barney
- [ ] Emily Elliott
- [ ] Paula Sedgwick
- [ ] _____ Write-In

**Bartlett Alderman Position 3**
Vote For One (1)
- [ ] David Parsons
- [ ] _____ Write-In

**Bartlett Municipal Judge Division 1**
Vote For One (1)
- [ ] Freeman C. Marr
- [ ] _____ Write-In

**Bartlett Municipal Judge Division 2**
Vote For One (1)
- [ ] Joseph D. Barton
- [ ] Dan Brown
- [ ] Larry Copeland
- [ ] Phillip R. Walker
- [ ] David Willis
- [ ] _____ Write-In

**Collierville Alderman Position 1**
Vote For One (1)
- [ ] Maureen J. Fraser
- [ ] _____ Write-In

**Collierville Alderman Position 2**
Vote For One (1)
- [ ] Jeff Martindale
- [ ] Billy Patton
- [ ] _____ Write-In

**Collierville Alderman Position 4**
Vote For One (1)
- [ ] Tom Allen
- [ ] Bill Cox
- [ ] _____ Write-In

**Germantown Mayor**
Vote For One (1)
- [ ] Sharon Goldsworthy
- [ ] Bill McGaughey

**Germantown Alderman Position 1**
Vote For One (1)
- [ ] Carole M. Hinely
- [ ] Greg Marcom
- [ ] _____ Write-In

**Germantown Alderman Position 2**
Vote For One (1)
- [ ] John S. Drinnon
- [ ] _____ Write-In

**ORDINANCE NO. 5345**

Shall the Charter of the City of Memphis, Tennessee be amended to repeal the current election schedule for City offices and staggered terms for the City Council offices and to restore the election procedure and schedule existing prior to the 2008 Amendment for all City Offices, and expressly retaining limits of two (2) consecutive four-year terms for persons elected to the Memphis City Council, Office of the Mayor, and to the office of City Court Clerk?

I, Roland McElrath, Director of Finance for the City of Memphis do hereby certify that the net cost to the City if this Amendment is adopted is estimated to be $0.
- [ ] FOR THE AMENDMENT
- [ ] AGAINST THE AMENDMENT

**ORDINANCE NO. 5347**

Shall the Charter of the City of Memphis, Tennessee be amended to require persons employed with the City of Memphis to live and reside within Shelby County, Tennessee?

I, Roland McElrath, Director of Finance for the City of Memphis do hereby certify that the net cost to the City if this Amendment is adopted is estimated to be $0.
- [ ] FOR THE AMENDMENT
- [ ] AGAINST THE AMENDMENT

**Memphis School Board Member – At Large Position 2**
Vote For One (1)
- [ ] Richard B. Fields
- [ ] Bob Morgan
- [ ] Kenneth T. Whalum, Jr.
- [ ] _____ Write-In

**Memphis School Board Member District 2**
Vote For One (1)
- [ ] Betty Mallott
- [ ] _____ Write-In

**Memphis School Board Member District 4**
Vote For One (1)
- [ ] Martavius D. Jones
- [ ] _____ Write-In

**Memphis School Board Member District 6**
Vote For One (1)
- [ ] Perry Bond
- [ ] Cherry Davis
- [ ] Cookie Regina Drake
- [ ] Minnie Hunter
- [ ] Sara L. Lewis
- [ ] David Page
- [ ] Sharon A. Webb
- [ ] _____ Write-In

SHELBY COUNTY
ELECTION COMMISSION
James H. Johnson
Robert B. Meyers
Steve Stamson

INDEPENDENT CANDIDATE CHUCK BALDWIN FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE CHRISTOPHER G. FENNER ELECTORS FOR WAYNE ROOT INDEPENDENT CANDIDATE BOB BARR FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE DAVID GATCHELL ELECTORS FOR THOMAS L. KNAPP INDEPENDENT CANDIDATE CHARLES JAY FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE ED LAWHORN ELECTORS FOR ROSA CLEMENTE INDEPENDENT CANDIDATE CYNTHIA McKINNEY FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE DANIEL TOWERS LEWIS ELECTORS FOR STEWART ALEXANDER INDEPENDENT CANDIDATE BRIAN MOORE FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE CHRIS LUGO ELECTORS FOR MATT GONZALEZ INDEPENDENT CANDIDATE RALPH NADER FOR VICE-PRESIDENT PRESIDENT INDEPENDENT CANDIDATE Write-In Write-In UNITED STATES HOUSE OF REPRESENTATIVES 7TH CONGRESSIONAL DISTRICT UNITED STATES HOUSE OF REPRESENTATIVES VOTE FOR ONE (1) 5TH CONGRESSIONAL DISTRICT VOTE FOR ONE (1) RANDY G. MORRIS JIM COOPER DEMOCRATIC PARTY NOMINEE DEMOCRATIC PARTY NOMINEE MARSHA BLACKBURN GERARD DONOVAN REPUBLICAN PARTY NOMINEE REPUBLICAN PARTY NOMINEE JON JACKSON Write-In INDEPENDENT CANDIDATE JOHN P. MIGLIETTA INDEPENDENT CANDIDATE Notice 6666666666 Write-In ONLY THOSE CANDIDATES REPRESENTING YOUR PRECINCT WILL APPEAR ON THE BALLOT YOU CAST. 2

3. TENNESSEE SENATE TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 20 DISTRICT 55 VOTE FOR ONE (1) VOTE FOR ONE (1) GARY ODOM JOE M. HAYNES DEMOCRATIC PARTY NOMINEE DEMOCRATIC PARTY NOMINEE TIMOTHY LEE DAVID HALL REPUBLICAN PARTY NOMINEE REPUBLICAN PARTY NOMINEE Write-In Write-In TENNESSEE HOUSE OF REPRESENTATIVES TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 56 DISTRICT 50 VOTE FOR ONE (1) VOTE FOR ONE (1) BETH HARWELL GARY W. MOORE REPUBLICAN PARTY NOMINEE DEMOCRATIC PARTY NOMINEE Write-In Write-In TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 58 TENNESSEE HOUSE OF REPRESENTATIVES VOTE FOR ONE (1) DISTRICT 51 VOTE FOR ONE (1) MARY PRUITT MICHAEL L. TURNER DEMOCRATIC PARTY NOMINEE DEMOCRATIC PARTY NOMINEE LISA LEEDS INDEPENDENT CANDIDATE Write-In Write-In TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 52 VOTE FOR ONE (1) TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 59 MIKE STEWART VOTE FOR ONE (1) DEMOCRATIC PARTY NOMINEE SHERRY JONES DAN SCOTT DEMOCRATIC PARTY NOMINEE INDEPENDENT CANDIDATE Write-In Write-In TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 60 TENNESSEE HOUSE OF REPRESENTATIVES VOTE FOR ONE (1) DISTRICT 53 VOTE FOR ONE (1) BEN WEST, JR. JANIS BAIRD SONTANY DEMOCRATIC PARTY NOMINEE DEMOCRATIC PARTY NOMINEE RON HICKMAN REPUBLICAN PARTY NOMINEE Write-In Write-In TENNESSEE HOUSE OF REPRESENTATIVES DISTRICT 54 Notice VOTE FOR ONE (1) BRENDA GILMORE DEMOCRATIC PARTY NOMINEE 66666666 ONLY THOSE CANDIDATES REPRESENTING YOUR Write-In PRECINCT WILL APPEAR ON THE BALLOT YOU CAST. 3

4. AMENDMENTS TO THE METROPOLITAN CHARTER GOODLETTSVILLE CITY COMMISSIONER VOTE FOR THREE (3) AMENDMENT #1 DAN A. BLOODWORTH This amendment would require the Director of Finance to distribute to all Metropolitan Government depart- ments and agencies the forms necessary for the prepa- JOHN FINCH ration of the succeeding fiscal year's operating budget not later than March 1st prior to the end of the fiscal year, rather than five months prior to the end of the GARY MANNING fiscal year, and would require the Mayor to submit the operating budget for the Metropolitan Government to the Metropolitan Council not later than May 1st, rather than March 25th. CHAD MARSHALL RAY FOR Write-In AGAINST Write-In AMENDMENT #2 Write-In This amendment would provide that no person elected and qualified to the office of mayor, vice-mayor, district councilman, or councilman-at-large would be eligible for the succeeding term if such person has served more than one-half of a four (4) year term and a consecutive complete four (4) year term, and would clarify that the of- fices of district councilman and councilman-at-large are two separate offices for purposes of the term limitations. FOR AGAINST IMPORTANT INFORMATION FOR ALL VOTERS I Polls OPEN 7:00 a.m. to 7:00 p.m. on Election Day at all Voting Precincts I You must vote at the Precinct where you are

http://www.slideshare.net/guest12a2146/tennessee-ballot-presentation

3/15/2012

registered on Election Day OR I You can vote during Early Voting at the locations listed on front page I Please bring your voter registration card or a signature ID to the polls or you will be required to sign an Affidavit of identity I Follow posted instructions when making your ballot selections I Call (615) 862-8800 for general information I Call (615) 862-8815 for information regarding Absentee Voting VISIT OUR WEBSITE AT www.nashville.gov/vote for Election Information and Voter Look Up links 4

experience is everything



tennessee election ballot 2008

SlideShare
on mobile

Follow us on
Twitter

Find us on
Facebook

Connect on
LinkedIn

### LEARN ABOUT US

About

Careers

Our Blog

Press

Contact us

Help & Support

### USING SLIDESHARE

SlideShare 101

Terms of Use

Privacy Policy

Copyright & DMCA

Community Guidelines

© 2012 SlideShare Inc. All rights reserved.

Pursuant to Sec. 2-6-103, Tennessee Code Annotated, notice is hereby given by the Shelby County Election Commission of unrestricted early voting for voters in Shelby County, Tennessee, for the November 2, 2010, Federal & State General Election – Bartlett, Collierville, Germantown & Memphis Municipal Elections. This early voting will take place at the following locations:

Shelby County Election Commission Office, 157 Poplar Ave., Suite 121, Memphis, TN 38103

On the dates & hours that follow:

| | | |
|---|---|---|
| | Beginning: | Wednesday, October 13 thru Thursday, October 28, 2010 | 10:00 AM - 7:00 PM |
| | | Saturday, October 16, 2010 | 8:00 AM - 4:00 PM |
| | | Weekdays, October 13 thru October 28, 2010 | 10:00 AM - 7:00 PM |
| | | Saturday, October 23, 2010 | 10:00 AM - 4:00 PM |

and the following SATELLITE LOCATIONS on the dates & hours listed below:

| | |
|---|---|
| Beginning: | Wednesday, October 13 thru Thursday, October 28, 2010 | 10:00 AM - 7:00 PM |
| | Weekdays, October 13 thru October 28, 2010 | 10:00 AM - 7:00 PM |
| | Saturday, Oct. 16 and October 23, 2010 | 10:00 AM - 4:00 PM |

| LOCATION | ADDRESS | LOCATION | ADDRESS |
|---|---|---|---|
| Agri-Center International | 7777 Walnut Grove Rd., 38120 | Glenview Community Center | 1141 S. Barksdale St., 38114 |
| Anointed Temple of Praise | 3939 Riverdale Rd., 38115 | Greater Middle Baptist Church | 4982 Knight Arnold, 38118 |
| Baker Community Center | 7942 Church Rd., 38053 | Mississippi Blvd. Christian Church | 70 N. Bellevue Blvd., 38104 |
| Bellevue Baptist Church | 2000 Appling Rd., 38016 | Mt. Pleasant Baptist Church | 3045 Chelsea Ave., 38107 |
| Bethel Church | 5586 Stage Rd., 38134 | New Bethel Baptist Church – Family Life Center | 7786 Poplar Pike, 38138 |
| Berclair Church of Christ | 4536 Summer Ave., 38122 | Pyramid Recovery Center | 1833 S. Third St., 38109 |
| Bishop Byrne High School | 1475 E. Shelby Dr., 38116 | Raleigh United Methodist Church | 3295 Powers Rd., 38128 |
| Bridge at Lakeland | 2920 Canada Rd., Ste 106, 38002 | Riverside Baptist Church | 3560 S. Third St., 38109 |
| Collierville Church of Christ | 575 Shelton Dr., 38077 | Shiloh Baptist Church | 3121 Range Line Rd., 38127 |
| Dave Wells Community Center | 915 Chelsea Ave., 38107 | White Station Church of Christ | 1106 Colonial Rd., 38117 |

Pursuant to Sec. 2-6-102, T.C.A, a voter who desires to vote early shall go to the county election commission office or to one of the satellite locations listed above within the hours set out for the early voting period, sign an application for ballot and vote. Pursuant to Sec. 2-7-140 (c) (1) voters who are already registered can make address or name changes at any early voting site. For further information, call 545-4136 or visit our web site @ www.shelbyvote.com.

---

## FEDERAL & STATE GENERAL ELECTION – BARTLETT, COLLIERVILLE, GERMANTOWN & MEMPHIS MUNICIPAL ELECTIONS, SHELBY COUNTY, TENNESSEE
### NOVEMBER 2, 2010

**Governor**
Vote For One (1)

- Bill Haslam — Republican Nominee
- Mike McWherter — Democratic Nominee
- Bayron Binkley — Independent Candidate
- Brandon Dodds — Independent Candidate
- Samuel David Duck — Independent Candidate
- David Gatchell — Independent Candidate
- June Griffin — Independent Candidate
- Toni K. Hall — Independent Candidate
- Mike Knois — Independent Candidate
- Boyce T. McCall — Independent Candidate
- Donald Ray McFolin — Independent Candidate
- Linda Kay Perry — Independent Candidate
- James Reeser — Independent Candidate
- Thomas Smith, II — Independent Candidate
- Howard M. Switzer — Independent Candidate
- Carl Twofeathers Whitaker — Independent Candidate
- Write-In

**CONSTITUTIONAL AMENDMENT**

Shall Article XI, Section 13 of the Constitution of the State of Tennessee be amended by adding the following sentences at the end of the section:

The citizens of this state shall have the personal right to hunt and fish, subject to reasonable regulations and restrictions prescribed by law. The recognition of this right does not abrogate any private or public property rights, nor does it alter the duty of the state to regulate commercial activity. Traditional manners and means may be used to take non-threatened species.

- Yes
- No

**United States House of Representatives**
**7th Congressional District**
Vote For One (1)

- Marsha Blackburn — Republican Nominee
- Greg Rabidoux — Democratic Nominee
- J.W. (Bill) Stone — Independent Candidate
- Write-In

**United States House of Representatives**
**8th Congressional District**
Vote For One (1)

- Stephen Lee Fincher — Republican Nominee
- Roy Herron — Democratic Nominee
- Donn Janes — Independent Candidate
- Mark J. Rawles — Independent Candidate
- Write-In

**United States House of Representatives**
**9th Congressional District**
Vote For One (1)

- Charlotte Bergmann — Republican Nominee
- Steve Cohen — Democratic Nominee
- Perry Steele — Independent Candidate
- Sandra Sullivan — Independent Candidate
- Write-In

**Tennessee Senate**
**29th Senatorial District**
Vote For One (1)

- Robert Hill — Republican Nominee
- Ophelia Ford — Democratic Nominee
- Herman L. Sawyer — Independent Candidate
- Write-In

**Tennessee Senate**
**31st Senatorial District**
Vote For One (1)

- Brian Kelsey — Republican Nominee
- Ivon L. Faulkner — Democratic Nominee
- Write-In

**Tennessee Senate**
**33rd Senatorial District**
Vote For One (1)

- Reginald Tate — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**83rd Representative District**
Vote For One (1)

- Mark White — Republican Nominee
- Write-In

**Tennessee House of Representatives**
**84th Representative District**
Vote For One (1)

- Joe Towns, Jr. — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**85th Representative District**
Vote For One (1)

- Edgar A. Babian — Republican Nominee
- Johnnie R. Turner — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**86th Representative District**
Vote For One (1)

- Harold M. Baker — Republican Nominee
- Barbara Cooper — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**87th Representative District**
Vote For One (1)

- Karen D. Camper — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**88th Representative District**
Vote For One (1)

- Larry J. Miller — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**89th Representative District**
Vote For One (1)

- Clay Shelton — Republican Nominee
- Jeanne Richardson — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**90th Representative District**
Vote For One (1)

- John J. Deberry, Jr. — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**91st Representative District**
Vote For One (1)

- Arnold Weiner — Republican Nominee
- Lois M. DeBerry — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**92nd Representative District**
Vote For One (1)

- G. A. Hardaway, Sr. — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**93rd Representative District**
Vote For One (1)

- Tim Cook — Republican Nominee
- Mike Kernell — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**95th Representative District**
Vote For One (1)

- Curry Todd — Republican Nominee
- Christian R. Johnson — Independent Nominee
- Write-In

**Tennessee House of Representatives**
**96th Representative District**
Vote For One (1)

- Steve McManus — Republican Nominee
- Write-In

**Tennessee House of Representatives**
**97th Representative District**
Vote For One (1)

- Jim Coley — Republican Nominee
- Write-In

**Tennessee House of Representatives**
**98th Representative District**
Vote For One (1)

- Ulysses Jones, Jr. — Democratic Nominee
- Write-In

**Tennessee House of Representatives**
**99th Representative District**
Vote For One (1)

- Ron Lollar — Republican Nominee
- Write-In

**Referendum on Proposed Metropolitan Charter**

- FOR CONSOLIDATION OF CITY OF MEMPHIS AND SHELBY COUNTY
- AGAINST CONSOLIDATION OF CITY OF MEMPHIS AND SHELBY COUNTY

**Bartlett**
**Mayor**
Vote For One (1)

- Philip J. Agnew
- A. Keith McDonald
- Write-In

**Bartlett Alderman**
**Position 1**
Vote For One (1)

- W. C. "Bubba" Pleasant
- Write-In

**Bartlett Alderman**
**Position 2**
Vote For One (1)

- Mark Barney
- Emily Elliott
- Paula Sedgwick
- Write-In

**Bartlett Alderman**
**Position 3**
Vote For One (1)

- David Parsons
- Write-In

**Bartlett Municipal Judge**
**Division 1**
Vote For One (1)

- Freeman C. Marr
- Write-In

**Bartlett Municipal Judge**
**Division 2**
Vote For One (1)

- Joseph D. Barton
- Dan Brown
- Larry Copeland
- Philip R. Walker
- David Willis
- Write-In

**Collierville Alderman**
**Position 1**
Vote For One (1)

- Maureen J. Fraser
- Write-In

**Collierville Alderman**
**Position 2**
Vote For One (1)

- Jeff Martindale
- Billy Patton
- Write-In

**Collierville Alderman**
**Position 4**
Vote For One (1)

- Tom Allen
- Bill Cox
- Write-In

**Germantown**
**Mayor**
Vote For One (1)

- Sharon Goldsworthy
- Bill McGaughey

**Germantown Alderman**
**Position 1**
Vote For One (1)

- Carole M. Hinely
- Greg Marcom
- Write-In

**Germantown Alderman**
**Position 2**
Vote For One (1)

- John S. Drinnon
- Write-In

**ORDINANCE NO. 5345**

Shall the Charter of the City of Memphis, Tennessee be amended to repeal the current election schedule for City offices and staggered terms for the City Council offices and to restore the election procedure and schedule existing prior to the 2008 Amendment for all City Offices, and expressly retaining limits of two (2) consecutive four-year terms for persons elected to the Memphis City Council? offices of the Mayor, and to the office of City Court Clerk?

I, Roland McElrath, Director of Finance for the City of Memphis do hereby certify that the net cost to the City if this Amendment is adopted is estimated to be 50.

- FOR THE AMENDMENT
- AGAINST THE AMENDMENT

**ORDINANCE NO. 5347**

Shall the Charter of the City of Memphis, Tennessee be amended to require persons employed with the City of Memphis to live and reside within Shelby County, Tennessee?

I, Roland McElrath, Director of Finance for the City of Memphis do hereby certify that the net cost to the City if this Amendment is adopted is estimated to be 50.

- FOR THE AMENDMENT
- AGAINST THE AMENDMENT

**Memphis School Board Member – At Large**
**Position 2**
Vote For One (1)

- Richard B. Fields
- Bob Morgan
- Kenneth T. Whalum, Jr.
- Write-In

**Memphis School Board Member**
**District 2**
Vote For One (1)

- Betty Mallott
- Write-In

**Memphis School Board Member**
**District 4**
Vote For One (1)

- Martavius D. Jones
- Write-In

**Memphis School Board Member**
**District 6**
Vote For One (1)

- Perry Bond
- Cherry Davis
- Cookie Regina Drake
- Minnie Hunter
- Sara L. Lewis
- David Page
- Sharon A. Webb
- Write-In

SHELBY COUNTY
ELECTION COMMISSION
James B. Johnson, Jr.
Robert D. Meyers
Steve Stamson