IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREEN PARTY OF TENNESSEE, CONSTITUTION PARTY OF TENNESSEE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:11-cv-00692 Judge Haynes |
| TRE HARGETT, in his official capacity as Tennessee Secretary of State, and MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND/OR EXCLUDE INADMISSIBLE EVIDENCE**

Come now Defendants and hereby submit this reply in support of their motion to strike certain inadmissible evidence (D.E. 145) cited by Plaintiffs in support of their motions for summary judgment on Counts I, II, III, IV, V, and VI and general memorandum of law in support thereof. (D.E. 137, 139-142).

The law is clear that the party bringing a summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Moreover, the Sixth Circuit has made it clear that "only *admissible evidence* may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994) (emphasis added). Thus, contrary to Plaintiffs' arguments, Defendants are not engaged in

any sort of "procedural gamesmanship"; rather Defendants are attempting to ensure that the record before this Court consists of properly admissible evidence.[1]

## ARGUMENT

I. **Exhibits 1-13 to Plaintiffs' Motions for Summary Judgment are not consistent with the Sixth Circuit's instructions in *Green Party of Tenn. v. Hargett*, 767 F.3d 533 (6th Cir. 2014).**

In their Response, Plaintiffs claim that "Exhibits 1-5 present precisely the statutory analysis suggested by the Sixth Circuit, and Exhibits 6-9 are directly relevant to, and provide the basis for, analyzing precisely what the Sixth Circuit suggested should be done." (D.E. 160, PageID#2840). However, these exhibits do not satisfy the instructions provided by the Sixth Circuit and, even if they did comply, the Sixth Circuit did not relax or relieve Plaintiffs' burden to introduce admissible evidence to support their motions for summary judgment.

First, in *Green Party of Tenn. v. Hargett*, on remanding this case for further development of the record due to the substantial changes to Tennessee's ballot access statutes, the Sixth Circuit stated:

> Although the plaintiffs cannot, at this point, present evidence of their own difficulties complying with Tennessee's new scheme, given that it has only recently been enacted, they should nevertheless be able to develop evidence relevant to this scheme. *For example, they might survey states with ballot-access requirements similar to Tennessee's current ones to determine whether minor parties have had success in appearing on the ballot in those states*. They might obtain affidavits from party organizers in other states describing the difficulties that they encounter complying with requirements similar to Tennessee's. Their experts might be able identify meaningful distinctions between Tennessee and other states—based on such factors as geography, population demographics, the educational attainments of its residents, etc.—that could conceivably influence the petitioning process.

---

[1] Additionally, contrary to Plaintiffs' claims, Defendants did file responses to Plaintiffs' multiple motions for summary judgment in which they not only raised the deficiencies in Plaintiffs' motions under Fed. R. Civ. P. 56 and Local Rule 56, but also specifically addressed both the legal and evidentiary merits of Plaintiffs' motion by incorporating and adopting by reference Defendants' memorandum of law in support of their motion for summary judgment (D.E. 151), Defendants' memorandum of law in support of their motion to strike inadmissible evidence (DE 146), and Defendants' memorandum of law in support of their motion to exclude plaintiffs' expert reports (D.E. 148). *See* D.E. 154 and 155.

2

> Additionally, more detailed evidence of the plaintiffs' own past attempts to meet Tennessee's petition-signature requirements could also be helpful. These suggestions are not intended to limit the type of evidence that the parties might develop on remand, but only to illustrate where they might begin.

767 F.3d at 549, fn 4 (emphasis added). In an effort to validate the inadmissible information contained in Exhibits 1-9, Plaintiffs claim these documents are "surveys" as requested by the Sixth Circuit. On their face, Exhibits 1-9 are not surveys as they are not "a detailed study or inspection, as by gathering information through observations, questionnaires, etc. and analyzing it." *Webster's New World College Dictionary,* (Michael Agnes & David B. Guralnik eds., 4th Ed. 2005). Stated another way, Plaintiffs are not reporting or analyzing information obtained by questionnaires or other information from minor parties who have had success appearing on the ballot in states with ballot-access requirements similar to Tennessee's current ones. Instead, Plaintiffs are introducing summaries of other state's ballot access statutes with their analysis of those statutes without providing any information from other minor parties as the foundation of their analysis. These summaries are simply not "surveys" as contemplated by the Sixth Circuit's instructions.

Second, by instructing Plaintiffs to survey minor parties who have had success appearing on the ballot in states with ballot-access requirements similar to Tennessee, the Sixth Circuit did not remove Plaintiffs' burden for introducing admissible evidence. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Federal Rule of Civil Procedure 56(e)." *Woodruff v. National Life Ins. Co.*, 2006 WL 2792204 (E.D. Tenn. 2006) (quoiting *Stuart v. Gen. Motors Corp.,* 217 F.3d 621, 635 n. 20 (8th Cir.2000)). Here, as none of the information set forth in Exhibits 1-13 has been

3

authenticated by an affidavit, they should not be considered as evidentiary support for Plaintiffs' motions for summary judgment.[2] This conclusion is further supported by the Sixth Circuit's instructions to Plaintiffs that "[t]hey might obtain *affidavits* from party organizers in other states describing the difficulties that they encounter complying with requirements similar to Tennessee's." *Green Party*, 767 F.3d at 549, fn 4 (emphasis added). As Plaintiffs have failed to submit affidavits verifying the authenticity of the information and how they the exhibits were created, to the extent Plaintiffs are seeking to rely on Exhibits 1-13 as evidence, they should be excluded.

## II. None of Plaintiffs' Exhibits are admissible under 611(a) as pedagogical devices.[3]

In their Response, rather than argue that their exhibits meet the requirements identified by the Sixth Circuit in *U.S. v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) in order to be admissible under Fed. R. Evid. 1006, Plaintiffs argue that Exhibits 2-5 "are presented for the convenience of the Court and to facilitate a simplified basis for comparing and analyzing the differences between states" and, therefore, are more "aptly characterized as a pedagogical device admissible under Fed. R. Evid. 611(a)." (D.E. 160 Response Page ID# 2836). In support of this argument, Plaintiffs cite

---

[2] Plaintiffs claim that Exhibits 8 and 9 correspond to Attachments C and D of the Second Supplemental Report of Plaintiffs' expert, Richard Winger and, therefore, satisfy Fed.R.Civ.P. 56(e). However, as more fully set forth in Defendants' memorandum of law to exclude plaintiffs' expert's reports, Mr. Winger does not provide the source of the information contained in Attachments C and D to his Second Supplemental Report nor an explanation of the method or process used to produce the resulting data set forth in the attachments. Consequently, Plaintiffs' reliance on Mr. Winger's attachments as the foundation for Exhibits 8 and 9 is misplaced.

[3] With respect to Exhibits 1 and 12, Plaintiffs assert that these documents are mere recitations of the annotated state statutes of which this Court can take judicial notice. The problem with this argument is that a trial court can only take judicial notice of facts, not the law. *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 350 (6th Cir. 2002). The state statutes listed in Exhibits 1 and 12 are law, not facts of which this Court may take judicial notice. Thus, to the extent Plaintiffs seek to have Exhibits 1 and 12 admitted into the record as *evidence*, there is no basis to do so under the applicable Federal Rules of Evidence. Further, a review of Exhibits 1 and 12 show numerous instances where the statutes appear in italics or underlined and the date or version of the statute cited is not included. Without an affidavit verifying the process and authenticity of the information in these exhibits, they should not be considered as evidence.

4

*Stafford v. United States*, No. 3:12-cv-0909, 2013 WL 140605 (M.D. Tenn. Jan. 11 2013). Plaintiffs' reliance on *Stafford* and Rule 611(a) as grounds for admissibility of Exhibits 2-5 as "pedagogical devices" is misplaced.[4]

In *Stafford*, the court explained the difference between Rule 1006 summaries and Rule 611(a) pedagogical devices as:

> Contents of charts or summaries admitted as evidence under Rule 1006 must fairly represent and be taken from underlying documentary proof which is too voluminous for convenient in-court examination, and they must be accurate and nonprejudicial. Such summaries or charts admitted as evidence under Rule 1006 are to be distinguished from summaries or charts used as pedagogical devices which organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence. Such pedagogical devices are more akin to argument than evidence . . . . Quite often they are used on summation. Generally, such a summary is, and should be, accompanied by a limiting instruction which informs the jury of the summary's purpose and that it does not itself constitute evidence.

*Id*. at *9 (quoting *Gomez v. Great Lakes Steel Div*., 803 F.2d 250, 257-58 (6th Cir. 1986)). The *Stafford* court further noted that a pedagogical device means an illustrative aid that:

> (1) is used to summarize or illustrate evidence, such as documents, recordings, or trial testimony, that has been admitted in evidence; (2) *is itself not admitted into evidence*; and (3) may reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent.

*Id*. at *10 (quoting *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998)). Thus, assuming that Exhibits 2-5 are pedagogical devices as Plaintiffs assert, they are still not admissible into evidence.[5]

---

[4] Plaintiffs also claim that Exhibit 13 is presented to ease review by the court as a pedagogical device. This exhibit, like Exhibits 2-5, is not itself admissible under Fed. R. Evid. 611(a).

[5] The Sixth Circuit has held that "secondary-evidence summaries" are admissible under Fed. R. Evid. 611(a). A "secondary-evidence summary" is one that is not prepared entirely in accordance with Rule 1006, but is more than a

5

Case 3:11-cv-00692   Document 179   Filed 11/04/15   Page 5 of 10 PageID #: 3049

### III. The publications cited in Plaintiffs' motions are inadmissible hearsay.

In their Response, Plaintiffs do not dispute that the numerous publications cited in their motions for summary judgment are hearsay, but instead argue that because Defendants have not demonstrated that Plaintiffs are offering each article as "proof of the matter asserted," the articles are not inadmissible hearsay and can be considered by the Court in ruling on Plaintiffs' motions for summary judgment. (D.E. 160 Page ID# 2843). However, the Sixth Circuit has made it clear that hearsay may not be considered in ruling on a motion for summary judgment. See *Shaffer v. CSX Transp., Inc.*, 462 F. App'x 597, 602 (6th Cir. 2012). Once the Defendants challenged these publications as inadmissible hearsay, the burden shifted to the Plaintiffs to demonstrate that either the publications are not hearsay (*i.e.*, have not been offered in evidence to prove the truth of the matter asserted) or that they are admissible under one of the exceptions to the hearsay rule. While chastising Defendants for not addressing each publication individually, Plaintiffs, who bear the burden of proof, themselves make no effort to demonstrate that each publication cited is not hearsay as defined under Fed. R. Evid. 801.

Plaintiffs also fail to demonstrate that these publications are admissible under one of the exceptions to the hearsay rule. While Rule 803(18) of the Federal Rules of Evidence does provide a hearsay exception for "learned treatises," such documents are only admissible "[t]o the extent called to the attention of an expert witness upon cross examination or relied upon by the expert witness in direct examination." *Id.* As previously discussed, with the exception of one article, Plaintiffs have not presented any of these documents or articles in conjunction with expert

---

mere pedagogical device and is "admitted in evidence not in lieu of the evidence [it] summarize[s] but in addition thereto, because in the judgment of the trial court such summaries so accurately and reliability summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence." *United States v. Kerley*, 784 F.3d 327, 341 (6th Cir. 2015). Plaintiffs' Exhibits 1-13 clearly do not constitute a "secondary-evidence summary" and thus Rule 611(a) presents no basis for admissibility of these documents.

6

testimony and thus are not admissible under this hearsay exception. *Glowczenski v. Taser Intern., Inc.*, 928 F.Supp.2d 564, 572 (E.D.N.Y. 2013).[6]

Moreover, Plaintiffs' assertion that the veracity of a publication, including its methodology and conclusions, can be established by the mere fact that an article has been "peer reviewed" is simply incorrect. (DE 69 Page ID# 979). The Supreme Court in *Daubert v. Merrell Dow Parmaceuticals, Inc.*, 113 S.Ct. 2786 (1993), identified four factors that would bear on a determination of whether expert testimony meets the reliability requirement of Fed. R. Evid. 702 in that it is expert testimony that pertains to scientific knowledge that will assist the trier of fact. *Id.* at 2796-97. One of those factors is "whether the theory or technique has been subjected to peer review and publication." *Id.* Thus, peer review and publication does not, in and of itself, establish the veracity of a publication, its methodologies and conclusions. Rather, it is one of several considerations in determining whether scientific evidence *is admissible as expert testimony under Rule 702. See United States v. Bonds*, 12 F.3d 540, 559 (6th Cir. 1993) (citing *Daubert*, 113 S.Ct. at 2797).

As previously discussed, with one exception, Plaintiffs do not seek to introduce any of the publications cited in their motions through expert testimony and, therefore, the "peer review" factor of Rule 702 is inapplicable. Furthermore, Plaintiffs have not provided any proof that these publications have been peer-reviewed nor any basis for recognizing any of the periodicals as reliable publications. Consequently, Plaintiffs' bare assertion that these articles "have, by definition, been reviewed by experts in the subject matter before they have been published," (D.E.

---

[6] Plaintiffs' argument that Defendants have relied upon a publication for authority as the basis of their motion for summary judgment is a gross mischaracterization. While Defendants did reference an article titled ""The Impact of Candidate Name Order on Election Outcomes" in paragraph 83 of their Statement of Undisputed Facts (D.E. 150), the referenced article was the one article relied upon by Plaintiffs' expert and was also discussed by Dr. Ho, Defendants' expert, in his report (D.E. 149-9, PageID# 2700).

7

160 Page ID# 2842), does not establish either their veracity or admissibility under Fed. R. Evid. 801.  *Glowczenski*, 928 F.Supp.2d at 572 (citing *Costantino v. Herzog*, 203 F.3d 164, 172 (2nd Cir. 2000).

> **IV.** **Plaintiffs' unsupported factual assertions should be disregarded.**

Plaintiffs assert that this Court cannot determine whether the facts identified in Defendants' motion to strike and memorandum are adequately supported because Defendants have cited these assertions "in a vacuum" without the facts, arguments, and citations to legal authority that accompany them.  (DE 69 Page ID# 980).  This argument misses the point.  Defendants have identified factual assertions contained in Plaintiffs' multiple motions that contain *no* citation to any legal authority and *no* citation to any admissible evidence in the record or even a citation to inadmissible evidence/evidence not in the record.  Instead, these statements are bare assertions of fact made by Plaintiffs in support of their arguments.  In their original memorandum, in addition to quoting the unsupported factual assertions, Defendants cite to the document, page, and in some instances, footnote, where each unsupported factual assertion can be found.  Utilizing these pinpoint citations, Defendants have complete confidence in the ability of this Court to determine whether these factual assertions are adequately supported and whether they should be considered in ruling on Plaintiffs' motions for summary judgment.

# CONCLUSION

For the reasons set forth herein and in Defendants' motion to strike and memorandum in support (D.E. 145-146), Defendants respectfully request that this Court grant Defendants' motion to strike inadmissible evidence.

    Respectfully submitted,

    HERBERT H. SLATERY III
    Attorney General and Reporter

    /s/ Janet M. Kleinfelter
    JANET M. KLEINFELTER (BPR 13889)
    Deputy Attorney General
    Public Interest Division
    janet.kleinfelter@ag.tn.gov

    /s/ Ryan A. Lee
    RYAN A. LEE (BPR 31937)
    Assistant Attorney General
    Public Interest Division
    P.O. Box 20207
    Nashville, TN  37202-20207
    (615) 741-3521
    Ryan.lee@ag.tn.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on the 12th day of August 2015 that a copy of the above document has been served upon the following persons by:

  X    Electronic Case Filing (ECF) System to:

Alan P. Woodruff
9 Turkey Toe Lane
Arden, NC 28704
Alan.jd.llm@gmail.com

Darrell Castle
Darrell Castle & Associates
4515 Poplar Avenue, Suite 510
Memphis, TN 38117
Dlc25861@aol.com

/s/ Ryan A. Lee
RYAN A. LEE